ON PETITION FOR REHEARING
DOWNEY, Judge.
On February 21, 1978, we issued an opinion in this case reversing Petitioner’s conviction of possession of burglary tools, pursuant to Count II of the information.
In said opinion we pointed out that appellant was also appealing from a conviction of attempted trespassing, pursuant to Count I of the Information and from our study of the record the conviction on that Count was subject to reversal. However, since the record contained no written judgment and sentence for the conviction on Count I we had noted that we had no jurisdiction to review the judgment and sentence on that Count.
By Petition for Rehearing appellant points out that, subsequent to the issuance of our opinion, on February 28, 1978, the trial judge entered a judgment and sentence on Count I, nunc pro tunc to July 23, 1976. Petitioner seeks review of that judgment and sentence now by way of Petition for Rehearing.
Although the suggestion that we review the February 28th, 1978, judgment and sentence on Count I is tempting because it would be expeditious to do so, we decline to because that judgment and sentence can not be reviewed by this court until a notice of appeal has been filed. Accordingly, in order to obtain a review of the February 28, 1978, judgment and sentence Petitioner should file a new notice of appeal within thirty (30) days from the date of that judgment and sentence.
Accordingly, the Petition for Rehearing is denied.
ALDERMAN, C. J., and CROSS, J., concur.